UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CLARENCE CURTIS JONES, JR.,
                      Petitioner,

           v.                                            **ORDER**
                                                                95 Civ. 0924 (DRH)

UNITED STATES OF AMERICA,
                         Respondent.
------------------------------------------------------------X
**APPEARANCES:**

**CLARENCE CURTIS JONES, JR.**
Petitioner Pro Se
2680 U.S. Highway 301 South
Jesup, GA 31599

**HURLEY, District Judge:**

       Petitioner, referring to himself as "Clarence Curtis Jones, El © 1973, All Rights Reserved," was convicted of bank robbery October 11, 1996, and sentenced by this Court to 322 months incarceration. Now, "having been <u>raised from the dead to a perpendicular level on a square</u>" (underscore in original), Petitioner moves this Court for "entry of an Order pursuant to Federal Rules of Civil Procedure, Rules 7(b), 60(b)(5), 77(b), and 78; and, Federal Rules of Criminal Procedure, Rules 32k(1) [Discharge], 47 and 56, excuting [*sic*] summary judgment on the substance side of this matter" in his favor. (*See* Docket Entry 100.) Respondent United States of America did not submit any replies to Petitioner's submissions.

       The basis for Petitioner's motion is unclear. His "Introductory Certification" states:

Squarely, standing on the Five Principals [*sic*] of Light – Love, Truth, Peace, Freedom and Justice; the 1787 Moroccan Peace and Friendship Treaty and Amnesty, Article 21; The 7 Circle Koran of The Holy Covenant for the Asiatic

> Nation; The Free Moorish Zodiac Constitution, and The Great Magna Carta . . .
> Affiant . . . by Right demands, by consequence of Respondent's intentional razor
> sharp actions, this cause of action by special delivery for benefit of protection . . . .

(*See* Docket Entry 100 at 2.) These sources do not provide the Court with assistance in its effort to comprehend the nature of Petitioner's request. The Court has also looked to the various Federal Rules cited by Petitioner for the same purpose, albeit without success.

Of those rules cited by Petitioner, only Federal Rule of Civil Procedure ("FRCP" or "Rule") 60(b)(5) could provide relief, at least theoretically. FRCP 7(b) and Federal Rule of Criminal Procedure ("FRCRP") 47 dictate the requirements of motion papers, and provide no basis for suit or relief. FRCP Rule 77(b) and FRCRP 56 establish procedures for trials, hearings, and orders in chambers, again providing no basis for suit or relief. FRCP Rule 78 is another purely procedural rule regarding a court's establishment of briefing schedules that is irrelevant to any request for relief by Petitioner. FRCRP 32(k)(1) dictates the requirements of a judgment in a criminal proceeding and provides no grounds for relief.

Rule 60(b)(5) is the one rule cited by Petitioner that serves as a mechanism for some type of relief. Under Rule 60(b)(5), "the court may relieve a party from final judgment, order, or proceeding . . . [when] the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." "A motion under Rule 60(b) is addressed to the sound discretion of the trial court." *Velez v. Vassallo*, 203 F.Supp.2d 312, 333 (S.D.N.Y. 2002) (citing *Mendell on Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990)). Rule 60(b)(5), however, has "very little application" and is "limited to cases in which the present judgment is based on the prior judgment in the sense of claim or issue preclusion." 11

CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2863 (2d ed. 1995). The Second Circuit has cautioned that Rule 60(b) provides "extraordinary judicial relief" to be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F .2d 58, 61 (2d Cir. 1986); *see also Employers Mut. Cas. Co. v. Key Pharm.*, 75 F.3d 815, 824-25 (2d Cir. 1996) ("A movant under Rule 60(b) must demonstrate 'exceptional circumstances' justifying the extraordinary relief requested.").

Petitioner's submissions fail because Rule 60(b) motions only apply to civil cases: Petitioner cannot apply Rule 60(b)(5) to his criminal conviction. The Second Circuit has held that a motion under Rule 60(b) could seek to vacate a federal court judgment dismissing a habeas petition, but Rule 60(b) cannot be used to modify a criminal conviction. *Rodriguez v. Mitchell*, 252 F.3d 191, 198 (2d Cir. 2001). Petitioner makes no mention of any civil case or any habeas petition germane to his present dispute, rendering Rule 60(b) inapposite to any claims that he might be pursuing. If he seeks modification of his criminal conviction and sentence, such a modification must be brought as a habeas petition. A Rule 60(b) motion is clearly an inappropriate mechanism. Accordingly, Petitioner's motion is DENIED in its entirety.

**SO ORDERED.**

Dated:   Central Islip, New York         /s/
         April 28, 2006                  Denis R. Hurley
                                         United States District Judge